UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARAH TOMA,

    Plaintiff,

v.                                                       Case No. 07-13018

GENERAL REVENUE CORP.,           HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE**

I. Introduction

This is a consumer rights case. Plaintiff Sarah Toma (Toma) is suing defendant General Revenue Corporation (General) claiming that defendant engaged in unlawful debt collection practices. Plaintiffs claims arise under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., the Michigan Collection Practices Act, M.C.L. § 445.251, and the Michigan Occupational Code, M.C.L. § 339.915.

Before the Court is General's motion for summary judgment. General argues that Toma's federal claim is barred by the statute of limitations and the Court should decline to exercise supplemental jurisdiction over her state law claims. General also argues that the case must be dismissed on the grounds that Toma failed to list the lawsuit as an asset in her recently filed bankruptcy petition. For the reasons that follow, the motion will be granted.

## II. Background

General is a debt collection agency. This case concerns a debt Toma owed to Davenport University in the approximate amount of $3000.00. General says the account was placed with them for collection on August 31, 2005. On September 1, 2005, General mailed its initial collection letter to Toma at her last known address in Romulus, Michigan. The letter was never returned as undeliverable.

In June 2007, Toma settled the debt.

In the course of collecting on the debt, Toma says that General used practices prohibited by state and federal law. These actions include calling Toma and her parents and harassing and threatening them about the debt.

Toma filed this action on July 19, 2007.

Toma is now apparently a citizen of Nevada. However, post office records attached to General's motion still indicate a Romulus, Michigan address. Toma's parents reside in Michigan.

On December 6, 2007, Toma filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada. Toma did not list or otherwise identify this lawsuit in her bankruptcy papers.

## III. Legal Standard

Summary judgment will be granted when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475

2

U.S. 574, 587 (1986).

The nonmoving party may not rest upon his pleadings; rather, the nonmoving party's response "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Showing that there is some metaphysical doubt as to the material facts is not enough; "the mere existence of a scintilla of evidence" in support of the nonmoving party is not sufficient to show a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Rather, the nonmoving party must present "significant probative evidence" in support of its opposition to the motion for summary judgment in order to defeat the motion. See Moore v. Philip Morris Co., 8 F.3d 335, 340 (6th Cir. 1993); see also Anderson, 477 U.S. at 249-50. Additionally, and significantly, "affidavits containing mere conclusions have no probative value" in summary judgment proceedings. Bsharah v. Eltra Corp., 394 F.2d 502, 503 (6th Cir. 1968).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson, 477 U.S. at 251-52). The Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. See Anderson, 477 U.S. at 255. Only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law may summary judgment be granted. Thompson v. Ashe, 250 F.3d 399, 405 (6th Cir. 2001).

## IV. Statute of Limitations

General first argues that Toma's federal claim is barred by the one year statute of limitations under the FDCPA. 15 U.S.C. § 1692k(d) provides:

> An action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction within one year from the date on which the violation occurs.

Toma filed the complaint on July 19, 2007. Thus, the question is whether General engaged in any allegedly prohibited conduct **on or after July 19, 2006.** General has attached to their motion detailed information, including call logs regarding Toma's account.[1] These records show the following relevant activity:

| | |
|---|---|
| July 18, 2006 at 5:37pm | General attempted to call Toma's residence, but the phone line was disconnected.[2] |
| July 22, 2006 at 10:58am | General again attempted to call Toma's residence, but the phone line was disconnected. |
| July 28, 2006 at 2:48pm | General again attempted to call Toma's residence, but the phone line was disconnected. |
| October 2, 2006 at 2:47pm | General called Toma's residence, but the call was aborted. |

---

[1] The Affidavit of Ronald E. Erskine, Quality Control Specialist for General Revenue states that all account records placed for collection are maintained on a computer database called FACS (Flexible Automated Collection System) where all account activity must be logged. FACS automatically tracks inbound and outbound calls. Erskine examined Toma's account files. In his affidavit, among other things, he explains the meaning of codes used in Toma's account records.

[2] The entry reads "PH DB's RES , TEMP DISC." Erskine's affidavit explains the meaning of these notations.

4

June 13, 2007 at 3:22pm  General received an inbound call[3] from an individual who identified herself as the debtor who indicated she wanted to discuss a settlement. The caller was advised that the Recovery Specialist assigned to her account was not available. The caller did not give a number to contact but advised she will call back within 30 minutes. The General representative gave the caller the number of the attorney to whom her account had been forwarded for litigation.

June 22, 2007 at 8:48am  General received a check for $2680.00 and the debt was apparently considered resolved at this point.

**Prior to July 18, 2007**, Generals's records show that it attempted to contact Toma at several home and work numbers beginning on September 16, 2005. Several messages were left on answering machines. There are also two entries indicating contact with Toma's parents. An entry dated January 3, 2006 reads: "PH DB'S RES, FATHER, LEFT MESSAGE TO CALL." An entry dated March 6, 2006 reads: "PH DB'S RES, MOTHER, NO MESSAGE LEFT)." However, the last successful call (where an actual call connected and a conversation occurred between a General representative and either Toma or her parents regarding the debt) was on March 14, 2006 which Toma apparently initiated. The entry reads as follows:

March 14, 2006 at 1:05pm  INCOMING CLL FRM DEBTOR, PROVIDE NEW INFO. UNEMPLOYED.
March 14, 2006 at 1:08pm  INCOMING CLL FRM DEBTOR, REFUSED TO PAY. SD THAT SHE TRY TO PAY CLNT AND THY REFUSE HER $ DB SD SHE DOES NOT WRK AT FORD AND NEVER DID SD SHE IS NOT WKING ASK ABOUT HER HOME MRTG SD SHE IS THE CO

---

[3]The phone number listed for the inbound call is a new phone number in the record; it is not a phone number that General previously called in attempting to contact Toma.

5

OWNER GAVE LEGAL TALK OFF DB WHAT EVERY
AND HUNG UP

Based on the above, General's position that there was no contact with Toma which could have been improper, more than one year prior to the filing of her complaint has merit. From **July 2006 going forward**, the only contact from the records supplied by General shows that on June 13, 2007, Toma <u>initiated</u> a call to General on June 13 2007 to discuss settlement. There is no allegation of wrongful conduct during this conversation. There are no other documented conversations. Rather, General's records show that General placed calls to Toma, but these calls were not answered.

However, in response to General's motion, Toma has submitted two affidavits - her affidavit and the affidavit of Catherine Toma, her mother. In Toma's affidavit, dated August 11, 2007, she states

> The last time [General] called my parents house was within the last six months
> 
> [General] told my mother what the alleged debt was for an how much the debt was for in a conversation they had with her
> 
> [General] called my parents at least six times within the last year over the collection of this alleged debt that I do not owe
> 
> [General] have also called my phone at least twelve times within the last year
> 
> Catherine Toma's affidavit, dated December 12, 2007, states:
> 
> the last time [General] called my house in regards to Sarah Toma's debt was within six months of the filing of the Complaint (July 19, 2007).
> 
> [General] told me what the alleged debt was for and how much the debt was in a conversation that they had with me, within six months of the filing of the Complaint

Toma argues that these affidavits create a genuine issue of material fact as to whether General engaged in wrongful conduct within the limitations period. The Court

6

disagrees. Fed. R. Civ. P. 56(e)(2) governs affidavits offered in response to motions for summary judgment, stating:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing parts does not so respond, summary judgment should, if appropriate, be entered against that party.

"Conclusory opinions or statements are not admissible facts for the purposes of Rule 56(e)." Hargabus v. Cedar Fair, L.P., No. 1:04CV1751, unreported 2005 WL 2233248, *6 (N.D. Ohio Sept.14, 2005) citing Hall v. Bodine Elec. Co., 276 F.3d 345, 354 (7th Cir. 2002) ("It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact."). See also Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985) ("Unsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.").

Here, neither affidavit is specific as to when the alleged phone calls took place. The affidavits contain precisely the type of self-serving statements which are directly refuted by General's detailed records. This is insufficient to create a genuine issue of material fact. As such, General is entitled to summary judgment on the grounds that Toma's claim under the FDCPA is barred by the statute of limitations.

The remainder of Toma's claims allege violations of state law. The Court declines to exercise supplemental jurisdiction over these claims. See 28 U.S.C. § 1367(c).

V. Effect of Toma's Bankruptcy

7

In its reply brief, General argues that summary judgment is appropriate for the additional reason that Toma failed to disclose this lawsuit in her Chapter 7 filings. General says it only learned of Toma's bankruptcy filings after filing its summary judgment motion. As noted above, Toma filed her Chapter 7 petition on December 6, 2007, approximately five months after filing the instant complaint.

General says that Toma's failure to disclose means (1) she lacks standing and (2) she is judicially estopped from maintaining this action. Both arguments are well taken.

As to whether Toma has standing, it is well established in the Sixth Circuit and the Ninth Circuit, where Toma filed her petition, that this lawsuit is the property of the bankruptcy estate. Bauer v. Commerce Union Bank, 859 F.2d 438, 440-42 (6th Cir.1988) (holding that Chapter 7 debtors do not have standing to bring claims that are part of the bankruptcy estate). Walton v. Allstate Ins. Co., 222 Fed.Appx. 544, 544-45 (9th Cir. 2007) (stating that "[b]ecause plaintiffs' claim arose before they filed their bankruptcy petition, it is property of the bankruptcy estate, and plaintiffs lack standing to pursue this action," citing 11 U.S.C. § 541; In re Eisen, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994)).[4] Rather, the trustee is the proper plaintiff.

As to judicial estoppel, this doctrine "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to

---

[4] General cites an unpublished a case from the Fifth Circuit, Estel v. Bigelow, 2005 WL 768388 (E.D. Texas Feb. 10, 2005) (unpublished). In Estel, the district court held that the plaintiff, a former Chapter 7 debtor, could not pursue an employment discrimination claim against his former employer because (1) he was judicially estopped based on a failure to disclose the claim in his bankruptcy petition, and (2) the claim was the property of the estate and therefore he lacked standing to sue.

8

prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (citation omitted).

The Supreme Court has identified three considerations that are typically relevant in determining whether judicial estoppel should apply:

> (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."

New Hampshire, 532 U.S. at 750-51 (internal quotations and citations omitted).

In applying these factors to the issue of whether a party's failure to disclosed pending or potential claims in their bankruptcy petitions bars him or her from pursuing that claim, the Sixth Circuit has focused heavily on the first two factors. In Browning v. Levy, the Sixth Circuit stated that the doctrine of judicial estoppel bars a party from "(1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.' " 283 F.3d at 775 (citing Teledyne Indus. Inc, v. NLRB, 911 F.2d 1214, 1218 (6th Cir. 1990)).  However, the Browning court also noted that  judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence.  Id. at 776.

Here, based on the bankruptcy papers attached to Generals' reply, Toma has not disclosed this lawsuit.  The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities, a schedule of current income and current expenditures, and a

9

statement of the debtor's financial affairs." 11 U.S.C. § 521(1). A legal claim or cause of action is an asset that must be listed under § 521(1). See, Eubanks, 385 F.3d at 897. Moreover, "[t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir.1999) (citation omitted). Pursuing a cause of action not disclosed as an asset in a bankruptcy filing creates an inconsistency sufficient to support judicial estoppel as the debtor has already asserted the position that no such claims existed. See Eubanks, 385 F.3d at 898; Browning, 283 F.3d at 775. Thus, Toma is judicially estopped from maintaining this lawsuit.

At the hearing on General's motion, counsel for Toma asked the Court to stay the case to allow Toma to amend her Chapter 7 petition and then amend the complaint to add the Trustee. The Court declines to do so. First, as explained above, Toma's complaint is barred by the statute of limitations which would not be cured by amending the complaint to add the trustee. Second, there is a real question as to whether the bankruptcy court would permit Toma to amend her petition under the circumstances.

VI. Conclusion

For the reasons stated above, General's motion for summary judgment is GRANTED. This case is DISMISSED.

SO ORDERED.


Dated: February 1, 2008           s/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

**07-13018 Toma v. General Revenue Corp.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 1, 2008, by electronic and/or ordinary mail.

                                         s/Julie Owens
                                         Case Manager, (313) 234-5160